IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES EUGENE LOWE | ) | |
| | ) | |
| v. | ) | No. 2:12-0035 |
| | ) | Magistrate Judge Holmes |
| CAROLYN W. COLVIN, | ) | |
|    Acting Commissioner of | ) | |
|    Social Security | ) | |

**MEMORANDUM**

This case is before the undersigned for all further proceedings, pursuant to the consent of the parties and the order of the District Judge (Docket Entry No. 26). Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for a period of disability and Disability Insurance Benefits ("DIB"), as provided by the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 16), to which Defendant has filed a response (Docket Entry No. 18).

For the reasons stated herein, the decision of the Commissioner is AFFIRMED.

**I. INTRODUCTION**

Plaintiff protectively filed for a period of disability and DIB in August of 2008. *See* Transcript of the Administrative Record (Docket Entry No. 14),[1] at 54. He alleged a disability onset

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s). All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s), where appropriate.

date of March 11, 2002. AR 17. Plaintiff asserted that he was unable to work because of heart disease, vascular problems, and diabetes. AR 59.

Plaintiff's applications were denied initially and upon reconsideration. AR 54-55. Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared without counsel and testified at a hearing before ALJ Frank Letchworth on April 2, 2010. AR 36. On October 7, 2010, the ALJ issued a decision unfavorable to Plaintiff. AR 19-21. On March 7, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, AR 1-3, thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on October 7, 2010. AR 19-21. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2003.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of March 11, 2002 through his date last insured of December 31, 2003 (20 CFR 404.1571 *et seq.*).

***

3. Through the date last insured, the claimant had the following medically determinable impairments: coronary artery disease, degenerative disc disease, and chronic obstructive pulmonary disease (20 CFR 404.1521 *et seq.*).

***

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the

2

>    claimant did not have a severe impairment or combination of impairments
>    (20 CFR 404.1521 *et seq.*).
>
> ***
>
> 5. The claimant was not under a disability, as defined in the Social Security Act, at any time from March 11, 2002, the alleged onset date, through December 31, 2003, the date last insured (20 CFR 404.1520(c)).

AR 24-27.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are (1) whether the decision of the Commissioner is supported by substantial evidence, and (2) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at

401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir.1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and final determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

The claimant has the ultimate burden of establishing an entitlement to benefits by proving his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d) (1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory

4

diagnostic techniques. *See* 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D); 20 CFR §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 CFR §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment that meets the twelve month durational requirement. 20 CFR §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 CFR §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such a showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render him presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to his past relevant work. *Combs, supra*. "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [his] limitations." 20 CFR § 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. See 42 U.S.C. §§ 423(d) (2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir.1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work, or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs, supra*.

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under

appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 CFR § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step two of the five-step process. The ALJ found that Plaintiff met the first step, AR 24, but found at step two that Plaintiff was not disabled because he did not have an impairment or combination of impairments that met the twelve-month durational requirement during the relevant period, from March 11, 2002, Plaintiff's alleged onset date, through December 31, 2003, Plaintiff's date last insured.

### D. Plaintiff's Assertions of Error

Plaintiff alleges that the ALJ erred in the following ways: (1) he failed to fully and fairly develop the record; (2) he failed to properly consider Plaintiff's obesity; and (3) his finding that

7

Plaintiff did not have a severe impairment was not supported by substantial evidence. The Court will address each of these assertions of error below.

**1. Whether the ALJ fully and fairly developed the record.**

Plaintiff claims that the ALJ failed to exercise a special duty to sufficiently develop the record in light of Plaintiff's decision to appear without counsel during the April 2, 2010 hearing. Plaintiff argues that the ALJ "failed to invest the time and patience necessary to elicit useful information" during the hearing. DE 17 at 6. He also argues that the ALJ suggested that he would afford Plaintiff a supplemental hearing, yet failed to do so. *Id*. at 8.

Plaintiff is correct that an ALJ is obligated to exercise a "heightened level of care and assume a more active role" during proceedings involving a claimant who appears without counsel. *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (internal citation omitted). However, the Court finds that the ALJ exercised this heightened level of care and made every effort to ensure that Plaintiff received a fair hearing. After confirming that Plaintiff understood his right to representation, the ALJ asked Plaintiff if he had reviewed the medical records in question. AR 38-39. Plaintiff advised the ALJ that he had not reviewed the records because his computer could not read the disk that contained the records, but then stated, "I don't have one. It's not turned on." AR 39. Despite these seemingly contradictory statements, the ALJ offered to delay the hearing to give Plaintiff an opportunity to review the records, which Plaintiff declined. AR 39. The ALJ proceeded to explain the issues regarding Plaintiff's application, and confirmed that Plaintiff understood that his insured status expired on December 31, 2003. AR 40-41.

Additionally, the ALJ asked Plaintiff extensively about his medical treatment. AR 44-51. He specifically asked Plaintiff to identify "every hospital that might have some records" between March of 2002 and January of 2004, which represents the relevant time frame for Plaintiff's application. AR 48. After Plaintiff admitted that he should have reviewed the medical records prior to the hearing, the ALJ offered to conduct an additional hearing to allow for review of Plaintiff's entire record. AR 51. On August 27, 2010, the ALJ sent correspondence to Plaintiff offering to enter additional medical evidence into the record regarding Plaintiff's condition, which was attached to the correspondence. AR 175. The ALJ also advised Plaintiff that he would be given an opportunity to submit written comments about the additional evidence, request a supplemental hearing, and request that the ALJ issue subpoenas to "require the attendance of witnesses or the submission of records." AR 175. In light of such action, Plaintiff's claim that the ALJ deprived him of an additional hearing is unfounded. The Court finds that the ALJ took sufficient care to fully and fairly develop the record, and provided Plaintiff ample opportunity to receive a full hearing.

**2. Whether the ALJ failed to properly consider Plaintiff's obesity.**

Plaintiff next argues that the ALJ violated SSR 02-01p by failing to consider the effect of his obesity on his RFC. DE 17 at 10. Plaintiff faults the ALJ for failing to mention SSR 02-01p in his decision, and claims that this case should thus be remanded for further evaluation of Plaintiff's obesity "and its combined impact with his other impairments[.]" *Id*.

Plaintiff's argument is not well taken. Plaintiff conveniently overlooks his own burden in the process of applying for Social Security benefits. Federal regulations clearly require the claimant

9

to not only advise the Commissioner of any condition that is alleged to cause a disability, but also provide medical evidence supporting such a claim:

> [Y]ou have to prove to us that you are blind or disabled. Therefore, you must bring to our attention everything that shows that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s) and, if material to the determination of whether you are disabled, its effect on your ability to work on a sustained basis. *We will consider only impairment(s) you say you have or about which we receive evidence.*

20 CFR § 404.1512(a) (emphasis added). Plaintiff has woefully failed to carry this burden, as the record indicates that he failed to claim that his diabetes represented a disabling condition. Moreover, as Defendant notes, there is no evidence in the record suggesting that Plaintiff's obesity caused any functional limitations between March of 2002 and December of 2003.

Plaintiff relies on a Maryland District Court's statement that, "the ALJ must explain how conclusions regarding a claimant's obesity were reached." *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271 (D. Md. 2003). However, the ALJ in that case determined that the subject claimant's extreme obesity, which included a body mass index ("BMI") of 54.8, represented a severe impairment. *Id*. at 270-71. There was also specific medical evidence in the *Fleming* case indicating that the claimant's impairment was caused by his obesity. *Id*. at 261. The Court thus found that the ALJ had failed to adequately explain his conclusions regarding the claimant's obesity:

> The ALJ, having found obesity a severe impairment at step two, merely stated at step three that plaintiff's fracture and obesity impairments, while severe, were not severe enough to meet or medically equal any of the listing impairments. Specifically, the ALJ concluded that because the criteria of Listing 1.11 were not met plaintiff's impairments were "not severe enough to meet or medically equal" the listing . . . With that conclusory statement, and no other explanation whatsoever, the ALJ moved on to step four, where, in determining plaintiff's RFC, he simply made no mention whatever of plaintiff's extreme obesity which he had found severe at step two, or in fact of any of the evidence regarding plaintiff's functional limitations[.]

*Id*. at 271. In contrast, there is no evidence in the instant case that Plaintiff's obesity represented an impairment during the relevant period between March of 2002 and December of 2003. Plaintiff fails to point to any discussion of obesity by a physician, aside from Dr. Reeta Misra's identification of Plaintiff's height and weight in 2009.[2]

A claimant bears the evidentiary burden of establishing that [his] obesity imposes functional limitations. *Boles v. Colvin*, No. 2:12-CV-00079, 2015 WL 4506174, at *2 (M.D. Tenn. July 23, 2015) (citing *Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 662, 667 (6th Cir. 2004)). The SSA "does not mandate a particular mode of analysis" for evaluating obesity claims. *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006). However, a threshold to any such analysis is that the claimant must put forth evidence of the impact of obesity. *Boles*, *supra*, at *2. In the instant case, the Plaintiff failed to present any evidence of the impact of his obesity. The Court therefore finds no error in the ALJ's failure to discuss Plaintiff's obesity in his opinion.

**3. Whether the ALJ's finding that Plaintiff did not have a severe impairment was supported by substantial evidence.**

Plaintiff's final assertion of error briefly argues that the ALJ's opinion is not supported by substantial evidence because it failed to provide an explanation for rejecting the opinion of Dr. Misra, a state agency physician. DE 17 at 11-12. Plaintiff claims, without citation, that the ALJ "must cite to medical evidence in the record in order to reject the opinion of [the state agency physician]." *Id*. at 12.

---

[2] Counsel for Plaintiff inaccurately cites Dr. Misra's identification of Plaintiff's height and weight to page 573 of the administrative record, DE 17 at 9, which was instead included in the "Additional Comments" section of the physical residual functional capacity assessment. AR 570.

Plaintiff's cursory argument ignores the fact that he last met the insured status requirements under the Act in December of 2003, and therefore must establish disability on or before December 31, 2003. *See* 42 U.S.C. § 423; *Price v. Chater*, 106 F.3d 401 (6th Cir. 1996) ("In order to establish entitlement to social security disability insurance benefits, claimant must establish that he became 'disabled' prior to the expiration of his insured status.") (internal citation omitted). The ALJ explained this to Plaintiff during his hearing, AR 40-41, and addressed this issue in his opinion. AR 22. There is no dispute that Plaintiff must provide evidence that any alleged disability existed before December 31, 2003.

Plaintiff claims that Dr. Misra concluded that his impairments were "severe, but short of the listings, specifically because of his multiple stent placements." The Court notes that this is a minor distortion of Dr. Misra's actual quote, which stated, "impairment is severe but short of listings, see RFC for alleged disorder with s/p CABG and multiple stent placement[.]" AR 570. Also of note, Dr. Misra's examination of Plaintiff took place in January of 2009, more than five years after Plaintiff's date last insured. AR 571. Her evaluation does not at any point discuss Plaintiff's condition as it existed between March of 2002 and December of 2003. Nevertheless, Plaintiff compares Dr. Misra's statement with the ALJ's conclusion that Plaintiff "did not have a severe impairment or combination of impairments," AR 25, and argues that the ALJ failed to explain this discrepancy. However, Plaintiff conveniently omits the entire quote from the ALJ's opinion:

> *Through the date last insured*, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments.

AR 25 (emphasis added). The ALJ discussed the treatment Plaintiff received between March of 2002 and December of 2003. AR 26. The ALJ discussed the medical records indicating that following his heart attack in March of 2002, Plaintiff "had been doing very well for several years." AR 26. The ALJ also noted that although Plaintiff suffered from chronic obstructive pulmonary disease and degenerative changes in the lumbar spine, such conditions began in 2008, over four years after Plaintiff's date last insured. AR 26. The ALJ further noted that Plaintiff returned to work in 2003, which suggested that he had no functional limitations at that time:

> While this return to work may not raise a presumption of substantial gainful activity, it does suggest that the claimant's impairments were not so severe as to preclude all work related activity. It speaks to the issue of whether, despite his physical impairment(s), the claimant remained capable of performing substantial gainful activity through December 2003.

AR 26.

As noted by Defendant, Plaintiff failed to establish any impairments or functional limitations lasting for twelve months during the relevant period covering March of 2002 through December of 2003. DE 18 at 15. Plaintiff's brief fails to even acknowledge that this was the relevant period for evaluating his disability claim. The Sixth Circuit has repeatedly affirmed that the claimant bears the ultimate burden of establishing his disability. *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008) (internal citation omitted). In light of the "dearth of treatment evidence" from March of 2002 through December of 2003, AR 26-27, the Court finds that the ALJ's determination that Plaintiff did not suffer from any severe impairments during the relevant period is supported by the record.

## V.  CONCLUSION

For the above stated reasons, Plaintiff's motion for judgment on the administrative record (DE 16) is DENIED.

An appropriate Order will accompany this memorandum.

_____
BARBARA D. HOLMES
United States Magistrate Judge